(29 Misc. Rep. 634.)

### BROOKSTONE v. WESCOTT EXPRESS CO.

(Supreme Court, Appellate Term. November 29, 1899.)

1. CARRIERS—DAMAGES FOR NONDELIVERY.
    Where goods were delivered to an express company for carriage, and
    the consignor, within two months after they were sent, refused to receive
    them back on the company's tender, made because the consignee could not
    be found, and the value of the goods at the time of tender was the same
    as at the time the company received them, the consignor cannot recover
    back the goods and damages against the company for nondelivery.

2. PLEADING—AMENDMENT—REPLEVIN.
    An action for damages for a carrier's failure to deliver goods should not
    be changed to one of replevin.

Appeal from municipal court, borough of Manhattan, First dis-
trict.

Action by Samuel Brookstone against the Wescott Express Com-
pany. From a judgment for plaintiff, defendant appeals. Re-
versed and remanded.

Argued before FREEDMAN, P. J., and MacLEAN and LEVEN-
TRITT, JJ.

Harrison & Griffin, for appellant.
William Stuart, for respondent.

FREEDMAN, P. J. The complaint in this action alleges that
on or about the 20th of June, 1898, the plaintiff delivered to the
defendant, at one of its agencies, a certain package for transpor-
tation to one W. C. Welsh, at Bath Beach, N. Y., paying the charges
therefor, and then asks for damages for the value of the property
on account of its nondelivery. The answer admits the delivery of
the package at one of the defendant's agencies, and that it was
received by one of the employés of the defendant for Moore's Ex-
press, and alleges that afterwards it was, upon ascertaining that
Moore's Express did not run to Bath Beach, delivered to Kelly's
Express; that Kelly's Express transported the package to its place
of destination, and to the address marked upon the package; that
the consignee could not be found, although search and inquiry were
made; that subsequently, at the request of the plaintiff, the pack-
age was traced, and on August 13, 1898, returned, and tendered
to the plaintiff, who refused to receive the goods. Upon the trial,
it was admitted that the value of the goods was $18, and that they
were delivered to one of the defendant's agencies, as above stated.
But two witnesses were sworn, and both were called by, and on
the part of, the plaintiff. One was the plaintiff's employé who sent

the package to the defendant's office, and the other the consignee of the goods. It was not shown by either of these witnesses that the goods were lost. On the contrary, it was shown that the goods had been traced, and returned to the office of the defendant, and that they were then there, ready for delivery to the plaintiff. It was not shown that the goods were of any less value at the time of the trial than when delivered to the defendant for transportation, and it was shown that the only effort made by the plaintiff to obtain his goods was to request the defendant to trace the goods, which was done, and the goods tendered to the plaintiff the last of August, 1898.

After a denial by the court of a motion made by the defendant to dismiss the complaint, and denial of an offer to show that the consignee did not reside at the address given upon the package, the court said: "Judgment for the plaintiff for the possession of the property, and I assess the damages at $5." This was error. The record fails to show that the plaintiff suffered any damage whatever, and there was affirmative testimony to the effect that the goods contained in the package were worth the same at the time of the tender of them to the plaintiff as at the time of their delivery to the defendant for carriage. Moreover, the action should not have been changed from one of damages to one in replevin.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.